# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 99 C 5899 | DATE | 12/18/2003 |
| CASE TITLE | | Wilson vs. Page | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due ___ ___.
(3) ☐ Answer brief to motion due___ ___. Reply to answer brief due___ ___.
(4) ☐ Ruling/Hearing on _____ set for _____ at ___ ___.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Petitioner Wilson's Petition for Writ of Habeas Corpus is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | DEC 19 2003 date docketed | |
| ✓ | Docketing to mail notices. | | | 52 |
| ✓ | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | | 03 DEC 18 AM 5:08 | date mailed notice | |
| TH ✓ | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| FRED D. WILSON, | ) |
| Petitioner, | ) ) ) |
| v. | ) No. 99 C 5899 |
| KENNETH BRILEY, Warden of Stateville Correctional Center, | ) ) ) ) |
| Respondent. | ) ) |

## MEMORANDUM OPINION AND ORDER

AMY J. ST. EVE, District Judge:

Petitioner Fred Wilson filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the following reasons, Wilson's petition is denied.

## PROCEDURAL BACKGROUND

In 1994, a jury found Petitioner guilty of three counts of murder in the Circuit Court of Cook County. On January 13, 1998, the circuit court sentenced Petitioner to life imprisonment. On September 3, 1998, Petitioner appealed his conviction and sentence to the Illinois Appellate Court. (R. 47-1, Exhibits to Resp. Answer, Ex. B). In his appeal, Petitioner raised the following issues: (1) the tape recording used to convict him was obtained in violation of the Illinois statute governing the use of eavesdropping devices because the State's Attorney did not personally authorize it; (2) the trial court erred in authorizing the use of an eavesdropping device where the authorization was based on information from an unreliable informant who had a motive to lie and whose affidavit contained a demonstrably false statement; (3) Petitioner was denied effective

1

assistance of trial counsel because his attorney failed to make a motion for discharge under the Illinois Speedy Trial Act after the state failed to try Petitioner within 120 days; and (4) the trial court violated the procedures set forth in *Batson v. Kentucky*, 476 U.S. 79, 90 L. Ed. 2d 69, 106 S. Ct. 1712 (1986), during jury selection when it failed to evaluate the legitimacy of each of the State's gender-neutral explanations for its peremptory challenges. Defendant filed three *pro se* briefs raising these additional issues: (1) the trial court's interpretation of the Illinois eavesdropping statutes and the procedures allowed by the state violates Title III of the Omnibus Crime Control and Safe Streets Act, the federal enabling statutes, Article VI, clause 2, and the Fourth and Fourteenth Amendments of the United States Constitution; (2) his counsel was ineffective for failing to request a *Franks* hearing regarding the Brown affidavit supporting the eavesdropping application; (3) the State submitted evidence of other crimes and the trial court erred and manifestly abused its discretion by repeating that evidence; (4) the State failed to prove first degree murder or accountability beyond a reasonable doubt; (5) Wilson's right to a speedy trial was violated; (6) the trial court erred and manifestly abused its discretion by not giving certain jury instructions; and (7) six cumulative errors at trial denied defendant a fundamentally fair trial. On June 10, 1998, the Illinois Appellate Court affirmed Petitioner's sentence and conviction. It held that Petitioner had waived all of the issues he raised in this third petition on appeal, except for the issue of the trial court's interpretation of the Illinois eavesdropping statutes, because he raised these issues for the first time in his third brief filed with the court.

On July 31, 1998, Petitioner filed a petition for leave to appeal in the Illinois Supreme Court. (R. 47-1, Exhibits to Resp. Answer, Ex. C). Petitioner raised the following issues in his petition: (1) the trial and appellate courts erred in violation of equal protection of the law,

2

fundamental fairness, and due process of the Fourteenth Amendment where (a) the State's Attorney did not personally authorize the application for the eavesdropping device, (b) Detective Duffy's affidavit did not support probable cause for the eavesdropping device, and (c) informant Joe Brown's affidavit supporting the eavesdropping device contained a demonstrably false statement; (2) ineffective assistance of counsel because his attorney failed to move for discharge under the speedy trial provisions; (3) Petitioner's statutory and Sixth Amendment right to a speedy trial were violated by (a) the State's *Brady* violation and (b) the trial court's abuse of discretion when allowing the State a continuance. On October 6, 1998, the Illinois Supreme Court denied Petitioner's petition for leave to appeal. (*Id.*, Ex. D.)

On March 12, 1999, Petitioner filed a *pro se* post-conviction petition. In this petition, Petitioner raised the following issues: (1) the taped recording used to convict Petitioner was obtained without the personal authorization of the State's Attorney, and the appellate court erred in rejecting this issue on direct appeal; (2) trial counsel erred in stipulating to the unavailability of the State's Attorney rather than calling witnesses who could verify whether the State acted in good faith; (3) the trial court erred by authorizing the eavesdropping device from Brown, an unreliable informant, who signed an affidavit containing a false statement. (*Id.*, Ex. E.) On May 24, 1999, the circuit court dismissed the petition as untimely, frivolous and patently without merit. (*Id.*) The circuit court found that the trial counsel's decisions regarding whether to stipulate or move for a *Franks* hearing were matters of trial strategy, and did not reflect ineffective assistance of counsel.

Petitioner's attorney filed a motion to withdraw pursuant to *Pennsylvania v. Finley*, 481 U.S. 551 (1987). (R. 47-1, Exhibits to Resp. Answer, Ex. E.) Petitioner's attorney stated,

3

however, that the circuit court erred in dismissing the petition as untimely because a circuit court is not permitted to determine timeliness at the first stage of post-conviction proceedings. (*Id.*)

Petitioner filed a *pro se* response and objected to his attorney's motion to withdraw. (*Id.*, Ex. G.) In his supporting brief, Petitioner raised the following issues: (1) his post-conviction counsel failed to comply with Rule 651(c); (2) Petitioner filed his post-conviction petition in "as timely a manner as possible" and lacked "culpable negligence" because (a) the delay was due to the time it took the State Appellate Defender's office to obtain the record, assign counsel and prepare the brief and (b) there was no factual predicate for the ineffectiveness claims until after the appellate court issued its order and the Illinois Supreme Court denied leave to appeal; (3) the trial court erred in dismissing Petitioner's post-conviction petition as untimely; (4) Petitioner's trial counsel was ineffective for failing to request live testimony from the State to support any good faith effort made by the State to locate and obtain the State's Attorney's authorization, and for failing to raise this issue and preserve it in his post trial motion; (5) his appellate counsel was ineffective for failing to raise the ineffective assistance of counsel claim and for withdrawing Petitioner's authorization argument from his brief on appeal; (6) he was denied effective assistance of trial counsel when counsel failed to move for a *Franks* hearing regarding the affidavit used to support probable cause for the eavesdropping approval; (7) he was denied effective assistance of trial counsel for failing to bring the issue in number 6 above, to the jury's attention; (8) he was denied effective assistance of trial counsel for failing to preserve the issue in number 6 above in post-trial motions; and (9) his appellate counsel was ineffective for failing to raise the issue of ineffective assistance of trial counsel. In his supplemental response, Petitioner raised two additional arguments: (1) his trial counsel was ineffective in failing to argue that his

4

charging instrument was defective; and (2) his counsel was ineffective for failing to argue that his life sentence violated *Apprendi v New Jersey*, 530 U.S. 466, 120 S. Ct. 2348 (2000). (R. 47-1, Exhibits to Resp. Answer, Ex. H.)

On March 30, 2001, the appellate court granted Petitioner's attorney's motion for leave to withdraw, and affirmed the judgment of the circuit court. On June 30, 2001, Petitioner filed a petition for leave to appeal to the Illinois Supreme Court. (*Id.*, Ex. I.) In his petition, Petitioner raised the following issues: (1) Petitioner's charging instrument was defective in violation of *Apprendi*; (2) Petitioner's sentence of natural life imprisonment violates *Apprendi*; (3) the enactment of Public Act 83-942, which amended the post-conviction act, violated the Illinois Constitution and the Due Process Clause of the United States Constitution; and (4) the appellate court erred in affirming the dismissal of the *pro se* post-conviction petition and allowing counsel to withdraw. In his supplement to this Petition, Petitioner raised the following additional issues: (5) the circuit court erred when it summarily dismissed Petitioner's post-conviction petition as untimely as the delay in filing the petition was not due to Petitioner's culpable negligence because: (a) the delay in filing was due to the time it took the State Appellate Defender's Office to obtain the record, assign counsel, and prepare the brief on appeal as well as the time it took the courts to reach their decisions and (b) there was no "factual predicate" for the ineffectiveness claims until after the appellate court issued its order and denied leave to appeal; (6) the appellate court failed to address the attorney's argument in his brief to withdraw; (7) the appellate court erred when affirming judgment, failing to make a factual determination as to whether the petition was timely filed, and failing to decide whether the issues rased were *res judicata*, waived, or frivolous and patently without merit; and (8) Petitioner asked the court to order the State's

Attorney's Office to release documents to his appointed attorney to supplement his post-conviction petition with newly discovered evidence. (*Id.*, Ex. J.) The Illinois Supreme Court denied Petition leave to appeal.

On February 4, 1998, Petitioner filed a request under the Freedom of Information Act ("FOIA") with the Cook County State's Attorney. Petitioner's request sought copies of authorization forms for judicial approval of the use of eavesdropping devices in 1991 as well as manuals and rules of the Cook County State's Attorney's office setting forth the procedures for obtaining the authorization. On February 11, 1998, the Executive Assistant State's Attorney denied the request. (*Id.*, Ex. K at 2.)

On June 4, 1998, Petitioner filed a writ of mandamus in the circuit court. Petitioner argued that he was denied access to and copies of public records that are not exempt from inspection under FOIA. Petitioner further contended that the State deprived him of due process and the rights, privileges, and immunities secured by the Fourteenth Amendment and Article 1, Sections 2 and 12 of the Illinois Constitution. The State filed a motion for summary judgment, and the circuit court granted it. (*Id.* Ex. K at 2, 3.)

On June 30, 2000, Petitioner appealed to the Illinois Appellate Court. (*Id.*, Ex. L.) In his appeal, Petitioner raised the following issues: (1) Whether a First Amendment common law right of access to judicial records is recognized under the FOIA, Illinois Eavesdropping Statutes, and United States Supreme Court case law; (2) whether the trial court abused its discretion in failing to strike the Gerald Nora affidavit as non-responsive; and (3) whether the trial court's grant of summary judgment to defendants was against the manifest weight of the evidence. The Illinois Appellate Court found that Petitioner had waived the first issue because he raised it for

6

the first time on appeal. The court also held that Petitioner waived the second issue because he failed to secure a ruling on it from the trial court. (*Id.*, Ex. K at 4.) As to the third issue, the court affirmed the judgment of the circuit court. (*Id.*, Ex. K.)

On August 24, 2001, Petitioner filed a Petition for Leave to Appeal in the Illinois Supreme Court. (*Id.*, Ex. M.) Petitioner argued that the Illinois Supreme Court should review his appeal because: (1) the litigation presents a "first impression issue of statutory construction as to whether Sections 1087A-78(c) or 108B-10(a)(b) of the Criminal Code of Procedure" control the unsealing, redaction, and release of the 1991 State's Attorney's authorization forms for use of eavesdropping devices; (2) the "litigation presents a first impression issue of the interpretation of 'good cause' for the release of 1991 eavesdropping applications, where the appellate court's ruling denied Petitioner his state and federal constitutional rights causing the Illinois eavesdropping statutes to be in violation of the supremacy clause of the United States Constitution;" and (3) the court erred in granting summary judgment because a genuine issue of material fact existed as to the unresponsiveness of the Nora affidavit filed in support of the motion, and Petitioner did not waive the issue.

On September 1, 1999, Petitioner filed this Petition for Writ of Habeas Corpus.[1] The court stayed the proceedings pending completing of Petitioner's state court cases. On January 22, 2002, Petitioner filed a motion to supplement his habeas petition. On April 17, 2002, Judge Gottschall stayed the habeas proceedings pending completion of the related state court proceedings. Judge Gottschall also denied Petitioner's motion to supplement his petition without

---

[1] This case was originally assigned to Judge Gottschall. On August 30, 2002, this case was reassigned to this Court.

7

prejudice to reinstate once the court lifted the stay in proceedings. On January 14, 2003, Petitioner filed a motion to reinstate his motion to supplement his petition. On January 16, 2003, the Court entered that motion and set a briefing schedule. On April 18, 2003, the State filed its response to Petitioner's habeas. On May 23, 2003, Petitioner filed his reply.

## LEGAL STANDARD

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a habeas petitioner is not entitled to a writ of habeas corpus unless the challenged state court decision is either "contrary to" or "an unreasonable application of" clearly established federal law as determined by the United States Supreme Court. *See* 28 U.S.C. § 2254(d)(1); *Williams v. Taylor*, 529 U.S. 362, 404-05, 120 S. Ct. 1495, 1519, 146 L. Ed. 2d 389 (2000). A state court's decision is "contrary to" clearly established Supreme Court law "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law" or "if the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to ours." *See id.* at 405, 120 S. Ct. at 1519. *See also Price v. Vincent*, --- U.S. ---, 123 S. Ct. 1848, 1853, 155 L. Ed. 2d 877 (2003).

With respect to the "unreasonable application" prong under Section 2254(d)(1), a habeas petitioner must demonstrate that although the state court identified the correct legal rule, it unreasonably applied the controlling law to the facts of the case. *See id.* at 407. A state court's application of Supreme Court precedent "must have been more than incorrect or erroneous." *See Wiggins v. Smith*, --- U.S. ---, 123 S. Ct. 2527, 2535, --- L. Ed. 2d --- (2003) (citations omitted). The state court's application is unreasonable if the court's decision was "objectively" unreasonable. *Id.; see also Lockyer v. Andrade*, --- U.S. ---, 123 S. Ct. 1166, 1174, 155 L. Ed.

8

2d 144 (2003). In order to be considered unreasonable under this standard, a state court's decision must lie "well outside the boundaries of permissible differences of opinion." *See Hardaway v. Young*, 302 F.3d 757, 762 (7th Cir. 2002); *see also Schultz v. Page*, 313 F.3d 1010, 1015 (7th Cir. 2002) (reasonable state court decision must be minimally consistent with facts and circumstances of the case).

Federal habeas courts presume that the state court's findings of fact are correct unless the habeas petitioner rebuts that presumption with clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1); *Collier v. Davis*, 301 F.3d 843, 848 (7th Cir. 2002). Petitioner does not challenge the statement of facts set forth in the Illinois Appellate Court's opinions on both direct and post-conviction appeal, thus the Court presumes the facts are correct and adopts the appellate court's factual findings.

Construing his *pro se* amended habeas petition and his supplemental petition[2] liberally, *see Anderson v. Hardman*, 241 F.3d 544, 545-46 (7th Cir. 2001), Petitioner asserts the following claims in his initial petition and his supplemental submission: (1) with respect to the Illinois eavesdropping statute: (a) he was denied equal protection of the law, fundamental fairness and due process when the Illinois courts incorrectly interpreted and applied the Illinois eavesdropping statutes; and (b) he was denied a full and fair opportunity to litigate his Fourth Amendment claim regarding evidence obtained pursuant to the eavesdropping statute; (2) his trial counsel was ineffective for (a) failing to move for discharge under the speedy trial provisions, (b) agreeing to stipulate that the State's Attorney was unavailable and failing to call witnesses to testify as to the

---

[2] The Respondent mistakenly states that the Court granted this motion on January 16, 2003. To the contrary, the Court entered the motion and set a briefing schedule. (R. 37-1.) Rather than file a response to the motion, Respondent filed an answer to the habeas petition.

9

state's "good faith" effort to contact the State's Attorney for his authorization for application for judicial approval of use of an eavesdropping device, (c) failing to raise the issue in 2b, above, at trial, failing to object, and failing to preserve, this issue in the post-trial motion; (d) failing to move for a *Franks* hearing in connection with the use of affidavits containing false statements that supported the application for use of an eavesdropping device; (3) his appellate counsel was ineffective for (a) failing to raise the ineffectiveness claim raised in number 2; (b) failing to defend; and (c) withdrawing Petitioner's authorization argument from his brief on appeal; (4) ineffective assistance of post-conviction counsel for failure to amend and supplement the *pro se* post-conviction petition with the following claims: (a) ineffective assistance of trial and appellate counsel for failing to raise, preserve and brief on appeal the argument that Petitioner's charging indictment was defective requiring dismissal pursuant to *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348 (2000), and (b) the imposition of Petitioner's natural life sentence pursuant to an uncharged and unconstitutional statute and/or an unconstitutional procedures; (5) the state court's legal determination that Petitioner had not shown "good cause" to justify disclosure of the 1991 State's Attorney's authorization applications for judicial approval of an eavesdropping device was erroneous; (6) Petitioner's charging instrument violated *Apprendi* because it failed to set forth aggravating factors; (7) Petitioner's life sentence violated *Apprendi*; (8) Petitioner is entitled to discovery of these applications and an evidentiary hearing.[3] Respondent admits that

---

[3] Respondent contends that Petitioner raised the following issues in his motion to supplement the habeas petition: (1) enactment of public act 83-942 violated the Illinois Constitution and due process, and (2) the appellate court erred in affirming dismissal of Petitioner's post-conviction petition and allowing Petitioner's appellate attorney to withdraw. As noted above, the Court did not grant Petitioner's motion to supplement his habeas. Moreover, nowhere in Petitioner's motion to supplement does he raise any of these issues. (R.14-1, 15-1). Accordingly, the Court will not address them.

Petitioner has exhausted his state court remedies.

## ANALYSIS

**I.    Some of Petitioner's Arguments are Not Cognizable on Habeas Review**

Federal habeas courts are limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 2254(a). A claim that state law was violated is not appropriate in a federal habeas corpus action. *See Perry v. McCaughtry*, 308 F.3d 682, 688 (7th Cir. 2002); *Burris v. Farley*, 51 F.3d 655, 659 (7th Cir. 1995) ("A federal court may not issue [a writ of habeas corpus] on the basis of a perceived error of state law") (quoting *Pulley v. Harris*, 465 U.S. 37, 41, 104 S. Ct. 871, 79 L. Ed. 2d 29 (1984)). Many of Wilson's claims, however, raise state law issues.

### A. Claim One – The Illinois Eavesdropping Statute

In his first claim, Petitioner challenges the application of the Illinois eavesdropping statute. He argues that the circuit court should not have admitted the tape recorded evidence obtained pursuant to the court's authorization to record such evidence because the State's Attorney did not personally authorize the use of an eavesdropping device. Instead, the First Assistant State's Attorney authorized it. The Illinois courts concluded that authorization by the First Assistant State's Attorney, rather than the State's Attorney, did not violate the statute. This claim involves the State court's application of state law, namely the Illinois eavesdropping statute, and thus it is not appropriate for federal habeas review.

Furthermore, Wilson argues that he was denied fundamental fairness and equal protection through the denial of a full and fair opportunity to litigate his Fourth Amendment claim regarding the introduction of tape recorded evidence. It is clear, however, that Petitioner had a full and fair

11

opportunity to litigate this issue in state court. Accordingly, Petitioner cannot pursue this claim through a federal habeas petition. *See Stone v. Powell*, 428 U.S. 465, 494 (1976); *Hampton v. Wyant*, 296 F.3d 560, 563 (7th Cir. 2002).

### B. Claim Four – Ineffective Assistance of Post-Conviction Counsel

In claim four, Wilson argues that his post conviction counsel was ineffective for failing to amend and supplement the *pro se* post-conviction petition with certain claims. There is no federal right to effective assistance of post-conviction appellate counsel. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). *See also Pitsonbarger v. Gramley*, 103 F.3d 1293, 1299 (7th Cir. 1997). The right to an appellate attorney only extends to a defendant's first direct appeal after conviction. *McMann v. Richardson*, 397 U.S. 759, 771, 90 S. Ct. 1441, 25 L. Ed. 2d 763 (1970). Because there is no constitutional right to post-conviction counsel, ineffective assistance of post-conviction counsel cannot provide grounds for federal habeas corpus relief. *See Coleman v. Thompson*, 501 U.S. 722, 752-53 (1991). Petitioner's claim is therefore not cognizable.

### C. Claim Five – A Showing of "Good Cause" to Justify Disclosure of the State's Attorney's Applications

In claim five, Petitioner challenges the Illinois courts' determination that he had failed to demonstrate "good cause" to justify disclosure of the 1991 States Attorney's applications for judicial approval of an eavesdropping device. The State refused to produce such documents on the ground that Section 108A-7(c) of the Judicial Supervision of the Use of Eavesdropping Devices Act, 725 ILCS 5/108A-7(c) prohibited such disclosure. Section 108A-7(c) requires a court to seal all applications for orders relating to authorized eavesdropping devices and to disclose them only upon a showing of good cause. 725 ILCS 5/108A-7(c). The Illinois court

12

agreed with the State and concluded that Petitioner had failed to establish good cause for disclosure of the materials.

Wilson's argument pertains to "purely a matter of state law" and is therefore not a cognizable claim. *United States v. McEvers*, No. 96 C 6605, 1997 WL 136273, at *2 (N.D. Ill.1997). Wilson's claim relies on a state law governing disclosure of applications for orders relating to authorized eavesdropping devices, and the Illinois court's application of that law. This argument is not cognizable on habeas review. *See Dellinger v. Bowen*, 301 F.3d 758, 764 (7th Cir. 2002). *See Moore v. Utah*, 2001 WL 1451101 at *2 (10th Cir. Nov. 16, 2001) (affirming the district court's finding that FOIA claims not cognizable in habeas review).

## II. Procedural Default

The Court must determine whether Wilson has procedurally defaulted any of his remaining claims. A petitioner's failure to present a constitutional claim to the highest state court to which he may appeal it in the manner required by state law results in a procedural default preventing a federal court from deciding the claim on collateral review. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 848 (1999) (petitioner must give state court full and fair opportunity to resolve federal constitutional claims before federal habeas court can review them). Procedural default also occurs where the state court rejects a petitioner's claim based on an independent and adequate state procedural ground. *See Harris v. Reed*, 489 U.S. 255, 263 (1989) (federal courts cannot review questions of federal law if the state court decision rests on a state procedural ground that is independent of the federal question and adequate to support the judgment); *Lee v. Davis*, 328 F.3d 896, 899-900 (7th Cir. 2003) (same). Under Illinois law, waiver is an independent and adequate state court ground. *Wright v. Walls*, 288 F.3d 937, 947

13

(7th Cir. 2002).

Further, under Illinois law, a defendant must raise claims of ineffective assistance of counsel on direct appeal where the evidence needed to resolve those claims is present in the record. *People v. Ivy*, 313 Ill. App. 3d 1011, 246 Ill. Dec. 603, 730 N.E.2d 628, 635 (Ill. App. Ct. 2000). A petitioner waives issues on post-conviction review that he could have raised on direct appeal, but failed to do so. *People v. Mack*, 167 Ill. 2d 525, 531, 212 Ill.Dec. 955, 658 N.E.2d 437, 440 (Ill. 1995).

### A. Procedurally Defaulted Claims

Petitioner failed to raise the following claims to the highest state court to which he could appeal, the Illinois Supreme Court: (1) his trial counsel was ineffective for agreeing to stipulate that the State's Attorney was unavailable and failing to call witnesses to testify as to the state's "good faith" effort to contact the State's Attorney for his authorization for application for judicial approval of use of an eavesdropping device (claim 2b); (2) his trial counsel was ineffective for failing to raise the issue in "2b" at trial, failing to object and failing to preserve this issue in the post-trial motion (claim 2c); (3) his trial counsel was ineffective for failing to move for a *Franks* hearing in connection with the use of affidavits containing false statements that supported the application for use of an eavesdropping device (claim 2d); (4) his appellate counsel was ineffective for failing to raise the ineffectiveness claim raised in number 2 (claim 3a); (5) his appellate counsel was ineffective for failing to defend (claim 3b); and (6) his appellate counsel was ineffective for withdrawing Petitioner's authorization argument from his brief on appeal. Contrary to Respondent's assertion, Petitioner raised these arguments in his *pro se* post-conviction petition. Because he failed to thereafter raise them in his appeal to the Illinois

14

Supreme Court, they are procedurally defaulted.

### B. Cause and Prejudice

Petitioner can overcome procedural default either by demonstrating cause for the default and actual prejudice as a result of the alleged violation of federal law, or by showing that failure to consider the claims will result in a "fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750, 111 S. Ct. 2546, 2565, 115 L. Ed. 2d 640 (1991). A fundamental miscarriage of justice is limited to "the extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Schlup v. Delo*, 513 U.S. 298, 321 (1995). Petitioner Wilson has failed to demonstrate cause or prejudice. He does not argue that he is actually innocent or that federal review of his claims is necessary to prevent a fundamental miscarriage of justice. Accordingly, procedural default bars these claims and the habeas petition is denied as to them.

### III. Ineffective Assistance of Counsel Claims (Claim 2a)

The Court will address the merits of Plaintiff's argument that his trial counsel was ineffective for failing to move for discharge of his case pursuant to the Illinois Speedy Trial Act[4], 725 ILCS 5/103-5. The Speedy Trial Act provides that a criminal defendant shall be brought to trial within 120 days of being taken into custody.

---

[4] The Speedy Trial Act provides, in relevant part: "Every person in custody in this State for an alleged offense shall be tried by the court having jurisdiction within 120 days from the date he was taken into custody unless delay is occasioned by the defendant, by an examination for fitness ordered pursuant to Section 104-13 of this Act, by a fitness hearing, by an adjudication of unfitness to stand trial, by a continuance allowed pursuant to Section 114-4 of this Act after a court's determination of the defendant's physical incapacity for trial, or by an interlocutory appeal. Delay shall be considered to be agreed to by the defendant unless he or she objects to the delay by making a written demand for trial or an oral demand for trial on the record." 725 ILCS 5/103-5(a).

To render constitutionally effective assistance of counsel under the Sixth Amendment, counsel's performance must satisfy the familiar two-prong standard in *Strickland v. Washington*, 466 U.S. 668, 687-91 (1984). Under the *Strickland* performance prong, Petitioner must show that his counsel's representation fell below an objective standard of reasonableness. *Id.* at 687-88. A "court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Strickland*, 466 U.S. at 689 (citation and quotations omitted).

Under the *Strickland* prejudice prong, Petitioner must establish that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* If a defendant fails to make a proper showing under one of the *Strickland* prongs, the court need not consider the other prong. *See Strickland*, 466 U.S. at 697.

The appellate court addressed this issue on appeal. The court concluded that Wilson was tried within the requisite period. If Wilson's lawyer had brought a motion to discharge, he would not have succeeded. The appellate court therefore concluded that Wilson's trial counsel did not render ineffective assistance under *Strickland* for failing to bring a motion to discharge.

The Court will not review the Illinois court's interpretation of state law and its conclusion that Wilson was tried within the mandates of the Illinois Speedy Trial Act. *See Salyer v. Sternes*, 2002 WL 85034, at * 2 (7th Cir. Apr. 30, 2002). Given that Wilson was timely tried, Wilson has failed to demonstrate how his trial counsel's failure to move for a discharge was objectively unreasonable or prejudiced him. Accordingly, his claim fails.

16

## IV. Claims Six and Seven – Apprendi Claims

On January 13, 2003, Petitioner moved the Court to reinstate his motion for leave to supplement his habeas petition, filed on January 22, 2002, and to further supplement his habeas petition with the arguments he submitted to the Illinois Appellate Court and Illinois Supreme Court based on *Apprendi v. New Jersey*, 530 U.S. 466, 147 L.Ed. 2d 435, 120 S. Ct. 2340 (2000). The Court will allow Petitioner to supplement with these claims. Petitioner claims that both his charging document and his sentence violate the mandates of *Apprendi*.

Because the circuit court sentenced Petitioner prior to June 26, 2000 – the date the Supreme Court decided *Apprendi* – the *Apprendi* ruling does not apply to Petitioner. *Curtis v. United States*, 294 F.3d 841, 844 (7th Cir. 2002) (rule established in *Apprendi* is not retroactive on collateral review). *See Berkey v. United States*, 318 F.3d 768, 774 to 318 F.3d 768, 775 (7th Cir. 2003) ("We have already determined, however, that *Apprendi* is not retroactive on collateral review."); *Curtis v. United States*, 294 F.3d 841, 844 (2002), cert. denied --- U.S. ----, 123 S. Ct. 451, 154 L. Ed. 2d 334 (2002) (*Apprendi* "does not disturb sentences that became final before June 26, 2000, the date of its release.") Thus, Petitioner's request for habeas relief based on *Apprendi* is denied.

## CONCLUSION

For all the foregoing reasons, the Court denies Petitioner's petition for a writ of habeas corpus.

Dated: December 18, 2003            ENTERED

_____
AMY J. ST. EVE